ESTATE OF RICHARD HEMMONS HALSEY, LILIAN JOHNSON HALSEY, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 96404. Promulgated August 21, 1940.

*Jonathan Grout, Esq.*, for the petitioner.
*Davis Haskin, Esq.*, for the respondent.

OPINION.

MURDOCK: The theory upon which the Commissioner determined the deficiency was that the alleged transfer was an incomplete gift, inasmuch as Mabel did not know what was in the envelope and did not accept a gift of the certificates. However, it appears that she did accept the envelope and its contents with full intent to keep it as her own. She had thereafter continuous possession of the shares and was free to do with them as she pleased. The decedent clearly intended to make a gift; he was competent; the sister was competent, and accepted; and there was a transfer of title with complete relinquishment by the donor of dominion and control of the property. Cf. *Max R. Bardach*, 32 B. T. A. 517, 520. The gift was complete on August 16, 1933. Cf. *Nelson A. Elsasser, Executor*, 12 B. T. A. 681.

The respondent, by amended answer, has attempted to support his determination upon a wholly different theory—that of contemplation of death. The evidence shows that the transfer was made within two years of the date of death. The respondent cites section 302 (c) of the Revenue Act of 1926, as amended, providing that such a transfer is presumed to have been made in contemplation of death unless the contrary be proven. The only affirmative argument advanced by the respondent is that the decedent consulted a lawyer about a will, learned that he could give a part of his property to his sister and the rest would go to his wife in the absence of a will, and then delivered the shares to his sister in contemplation of death. The evidence does not support this argument. The decedent did not mention such matters to the attorney. Almost a year later, on his fourteenth wedding anniversary, he executed his will and gave it, together with a beautiful letter, to his wife. The facts do not show that the transfer was made in contemplation of death. But the respondent contends that the

statute requires the petitioner to prove that the transfer was not in contemplation of death. The decedent was only 54. He was extremely active in his business and enjoyed excellent health. He had no expectation of death within the reasonably near future. The respondent concedes these facts and relies, as above stated, upon the visit to the lawyer to show a testamentary motive. The stock was not paying dividends but it was worth about $37,000. The gift tended to equalize the distribution of the estate of their father among Julian, Mabel, and the petitioner, and to give substantial financial assistance to a widowed sister who was much in need of it. While the evidence pertaining to the transfer is not as clear and convincing as might be desirable, nevertheless, the reasonable conclusion to be drawn from the entire record is that the transfer was not made in contemplation of death.

The respondent, also by way of amended answer, raises the point that the transfer was one intended to take effect in possession or enjoyment at or after the death of the donor. The decedent made an absolute transfer of the certificates, permanently parted with possession, and never again exercised any dominion or control over or benefited from the shares. The sister received possession and thereafter retained it. She was free to use them as she saw fit. Her possession and enjoyment was immediate and was so intended.

The respondent contends finally that, in any event, the amount of the settlement should be included in the gross estate. No such issue was raised by the pleadings and it may not be raised in the respondent's brief. The facts in regard to the suit and settlement are inadequate for a decision of such an issue. If there is anything, other than the fact of settlement, to show that the estate had a lawful and valuable claim at the date of death in respect to the shares, the respondent should have pleaded the facts and introduced evidence to establish them.

*Decision will be entered for the petitioner.*